<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2434**

———————————

ROGELIO RAMIREZ,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A70-674-170)

———————————

Submitted:  July 18, 2005            Decided:  August 3, 2005

———————————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Song E. Park, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rogelio Ramirez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his second motion to reopen immigration proceedings. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in upholding the denial of Ramirez's motion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992). Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Ramirez, No. A70-674-170 (B.I.A. Oct. 18, 2004).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]In his brief, Ramirez challenges the fact that his decision was rendered by a single Board member without following the proper regulations based on his mistaken belief that his case was decided pursuant to the regulatory procedures governing orders that summarily affirm without opinion. Instead, Ramirez's case was decided by a single Board member pursuant to 8 C.F.R. § 1003.1(e)(5) (2005). Thus, we find that Ramirez's claim that the Board failed to follow its own regulations is clearly without merit.

- 2 -